[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17084
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-00115-CV-5-RS-EMT


WINFIELD PHILLIPS,
JEREMY COLLINS,

Plaintiffs-Appellants,

versus


FLORIDA FISH AND WILDLIFE CONSERVATION
COMMISSION, ALTON RANEW, Officer,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 6, 2009)

Before BIRCH, HULL and HILL, Circuit Judges.

PER CURIAM:

Winfield Phillips and Jeremy Collins sued the Florida Fish and Wildlife Conservation Commission and Officer Alton Ranew under 42 U.S.C. § 1983 for damages in connection with his alleged wrongful arrest of them for trespass. Phillips and Collins claim that Officer Ranew did not have probable cause to arrest them for trespass. The trial court granted summary judgment for the defendants, holding that probable cause for the arrest did exist, and, therefore, there was no unlawful deprivation of plaintiffs' constitutional rights. We agree.

Probable cause is an absolute bar to a Section 1983 claim alleging false arrest. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1988). To show the absence of probable cause, Phillips and Collins bear the burden of showing that no reasonably objective police officer would have perceived there to be probable cause for such an arrest. *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

In this case, Phillips and Collins cannot meet this burden. Officer Ranew received information that shots had been fired from behind the complainant's, Mrs. Hussey's, home, and that she had seen a deer fall. Officer Ranew went to the scene and found Phillips and Collins with two dead deer, two rifles and blood on their clothes. The officer arrested the men for trespass and seized the rifles and deer.

2

Collins admitted they had shot the deer in a cultivated peanut field and that they had followed the deer around a fence and through a gate. Neither man claimed to have permission to be hunting on the property.

Although Phillips and Collins now claim that they had no notice that they were trespassing, the trial court found that they had actual notice that they were trespassing because they admitted they knew they were hunting on property that did not belong to them, and that they had gone around the fence and gate to shoot the deer.

Furthermore, the trial court held that the men had constructive notice that they were trespassing because Collins admitted that they knew they were in Mrs. Hussey's peanut field. Under the Florida trespass statute, planting a crop such as peanuts is considered "cultivation" of land, Fla. Stat. § 810.11(6), which satisfies the statute's notice requirement. Fla. Stat. § 810.09.

Under these circumstances, the trial court correctly held that the officer had probable cause to believe that Phillips and Collins had violated the trespass statute. Since the officer had probable cause for the arrest, which is an absolute bar to the plaintiffs' claim for false arrest, the trial court correctly entered summary judgment for the defendants.

AFFIRMED.